1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

10

11   ANGELINA CERVANTEZ,              Case No. EDCV 17-2307-PA (AS)

12                Plaintiff,          **ORDER ACCEPTING FINDINGS,**

13        v.                         **CONCLUSIONS AND RECOMMENDATIONS**

14   NANCY A. BERRYHILL, Acting      **OF UNITED STATES MAGISTRATE**
     Commissioner of Social
15   Security,                       **JUDGE**

16                Defendant.

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the

19   Complaint, all the records herein and the attached Report and

20   Recommendation of United States Magistrate Judge.  After having

21   made a <u>de</u> <u>novo</u> determination of the portions of the Report and

22   Recommendation to which Objections were directed, the Court

23   concurs with and accepts the findings and conclusions of the

24   Magistrate Judge.  However, the Court addresses certain arguments

25   raised in the Objections below.

26

27        Plaintiff contends that the Report and Recommendation erred

28   in concluding that the ALJ appropriately discounted the opinions

of treating psychiatrist Dr. Dittemore. (Objections at 2-5, 10). She argues that Dr. Dittemore provided her opinions in a "detailed report" based on specific evidence that is confirmed by the treatment notes. (Id. at 2-3). She also contends that the Magistrate Judge erred in considering Plaintiff's treatment history with Dr. Dittemore, including her infrequent appointments and lack of significant adjustments in medications. (Id. at 4-5). Plaintiff asserts, for example, that the medications Dr. Dittemore prescribed "are not given lightly" and "can cause side effects." (Id. at 5).

The Court disagrees. It is true that Dr. Dittemore's report provides some explanation for her opinions by noting that Plaintiff suffered from panic attacks, feelings of guilt and hopelessness, depression, reduced sleep and appetite, and an inability to go outside alone. (AR 243). Dr. Dittemore recorded these same symptoms and complaints in her treatment notes. However, she also observed that Plaintiff was well oriented, with speech, insight, judgment, and thought process all within normal limits. (AR 235). The ALJ reasonably found the treatment notes inconsistent with Dr. Dittemore's opinion that Plaintiff had markedly limited ability to carry out even simple, one-to-two step instructions, among other debilitating limitations. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Based on this inconsistency, the ALJ appropriately found that Dr. Dittemore's

opinions were not due controlling weight. <u>See</u> 20 C.F.R. §§
404.1527(c)(2), 416.927(c)(2).

Moreover, the ALJ appropriately considered that Dr.
Dittemore had only been treating Plaintiff for three months when
she provided her opinions, and her treatment was fairly
infrequent, with appointments scheduled about every four to
twelve weeks. <u>See</u> <u>Revels v. Berryhill</u>, 874 F.3d 648, 654 (9th
Cir. 2017) ("When a treating doctor's opinion is not controlling,
it is weighted according to factors such as the length of the
treatment relationship and the frequency of examination, the
nature and extent of the treatment relationship, supportability,
and consistency with the record."); <u>see also</u> 20 C.F.R. §§
404.1527(c)(2)-(6), 416.927(c)(2)-(6). The ALJ also reasonably
determined that the lack of any significant changes to
Plaintiff's medications or dosages over the course of her
treatment suggests that Dr. Dittemore overstated Plaintiff's
functional limitations. The ALJ thus provided clear and
convincing reasons to give little weight to Dr. Dittemore's
opinions.

Plaintiff also contends that the Report and Recommendation
erred in concluding that the ALJ properly considered Dr. Parikh's
opinion that Plaintiff has "moderate" limitations in multiple
areas. (Obj. at 6-8). She argues that the ALJ was obligated to
develop the record to clarify the ambiguous term "moderate."
(<u>Id.</u> at 6-7). However, Plaintiff fails to point to any
controlling authority to support this. To the contrary, the

Ninth Circuit has held that an ALJ, without further inquiry or development, may "translate" an opinion of "moderate" limitations into concrete restrictions. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (ALJ "adequately captured" a medical opinion that the claimant was "'moderately limited' in her ability 'to perform at a consistent pace . . . ,'" when the RFC limited the claimant to performing "simple, routine, repetitive sedentary work").

    Plaintiff also argues that the ALJ needed to explain why she did not adopt all of the limitations opined by Dr. Parikh. (Obj. at 8). However, the ALJ sufficiently articulated the basis for her assessment of the medical opinions and the restrictions in the RFC. The ALJ specifically noted that she did not adopt any particular opinion in its entirety, and instead properly determined Plaintiff's RFC after considering Dr. Parikh's opinion along with the opinions of the state agency consultants and the record as a whole. Although Plaintiff contends that the state agency consultants reviewed the record before it had been fully developed, and at least two years before the ALJ's decision, the ALJ's reliance on the opinions was appropriate because the ALJ found them consistent with the objective evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on

how much time may pass between a report and the ALJ's decision in reliance on it.").

Plaintiff additionally takes issue with the Magistrate Judge's conclusion that the ALJ properly evaluated Plaintiff's testimony. (Obj. at 11-12). She argues, for example, that it was error for the ALJ to discredit her testimony based on her sporadic work history and failure to explain her alleged onset date. (Id.). Despite Plaintiff's claim to the contrary, however, a claimant's poor work history remains a relevant factor in weighing testimony, even after the recent Social Security Ruling 16-3p, which eliminated the term "credibility" from the agency's sub-regulatory policy. See Trevizo v. Berryhill, 871 F.3d 664, 679 n.5 (9th Cir. 2017) (as amended) (noting that SSR 16-3p "makes clear what [the Ninth Circuit's] precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms . . . and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness"); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("Ms. Thomas' work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability."); Aarestad v. Comm'r of Soc. Sec. Admin., 450 F. App'x 603, 604 (9th Cir 2011) ("The evidence showed that Aarestad worked only sporadically before the alleged onset of disability (which suggests that her decision not to work was not based on disability)."). Plaintiff's inability to explain why she alleged a particular disability onset date also reasonably calls into question the credibility of her

allegations. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (claimant's inconsistent statements provide a specific, clear, and convincing reason to discount credibility). These were reasonable determinations supported by the record, which, along with Plaintiff's fairly limited treatment history, discount Plaintiff's subjective testimony. See Andrews, 53 F.3d at 1039-40.

**IT IS ORDERED** that Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Plaintiff and counsel for Defendant.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 21, 2018

                              _____
                                    PERCY ANDERSON
                              UNITED STATES DISTRICT JUDGE